IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-1440 |
| v. | ) ) | Judge Cathy Bissoon |
| RICHARD DORMAN, JR., | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's Motion for Default Judgment (Doc. 7), which the Court construes as an unopposed Motion for Summary Judgment,[1] will be granted, and judgment will be entered in favor of Plaintiff and against Defendant in the amount of $89,624.51.

The Court has jurisdiction over this case based on diversity of citizenship. *See* Compl. (Doc. 1) at ¶ 4. Consistent with the allegations in the Complaint, Defendant submitted to arbitration through a signed agreement. *See* Doc. 1-2. The agreement stated that the parties voluntarily consented to "the jurisdiction of any court of competent jurisdiction which may properly enter . . . judgment" on the arbitration award. *Id.*

An arbitration award was entered on November 12, 2010, in favor of Plaintiff and against Defendant, in the amount of $89,624.51. *See* Doc. 1-3 at pg. 4 of 6. There is no indication: that the arbitration award was procured by corruption, fraud, or undue means; that there was

---

[1] *See* Chase Bank USA, N.A. v. Hillis, 2007 WL 1276905, *1 (W.D. Pa. Apr. 30, 2007) ("Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award," and "the [p]etition and accompanying record should be treated like a motion for summary judgment and, when the respondent fails to answer, like an unopposed motion for summary judgment") (citation to quoted source omitted).

evident partiality or corruption in the arbitrators; that the arbitrators were guilty of misconduct; or that there was any other misbehavior by which the rights of any party have been prejudiced. *See generally* Choice Hotels Int'l., Inc. v. Savannah Shakti Corp., 2011 WL 5118328, *3-4 (D. Md. Oct. 25, 2011) (citing standards of review applicable under Federal Arbitration Act).

For all of these reasons, Plaintiff's unopposed Motion for Summary Judgment (**Doc. 7**) is **GRANTED**, and judgment will be entered in favor of Plaintiff in the amount of $89,624.51.[2]

IT IS SO ORDERED.


December 23, 2011                                       s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[2] Although Defendants' proposed judgment order seeks pre-judgment interest in the amount of $5,863.65, *see* Doc. 7-1 at ¶ 3, that sum was not included in the Complaint. *See* Choice Hotels, 2011 WL 5118328 at *2 ("where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount . . . . because the defendant could not reasonably have expected that his damages would exceed [the specified] amount") (citation to quoted source omitted). The Court would note, however, that Plaintiff is entitled to post-judgment interest by operation of law. *Id.* (citing 28 U.S.C. § 1961(a)).